### W. J. DICKEY & SONS v. GREENBERG et al.

(Supreme Court, Appellate Term, First Department. December 30, 1915.)

SALES ⊂⊃350—ACTION FOR PRICE—PREMATURE ACTION.

> Where the seller's salesman told the buyer that the goods would be delivered in March, but they were in fact delivered in the preceding November, and the seller sent bills, dated November 7th and 11th, in which, under the word "Terms," was written, "10% 30 days March 1," explained as meaning due March 30th, the seller's claim did not mature until March 30th, and his action for the price, begun February 27th, was premature, and his complaint would be dismissed.

> [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 988–992; Dec. Dig. ⊂⊃350.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by W. J. Dickey & Sons against Jacob Greenberg and another. From a judgment in favor of the plaintiff, and from an order denying a motion for a new trial, the defendants appeal. Reversed, and complaint dismissed.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Maurice Millimet, of New York City, for appellants.

Myers & Goldsmith, of New York City (Josiah Canter, of New York City, of counsel), for respondent.

PHILBIN, J. The plaintiff sues to recover a sum of $84.40 alleged to be due for goods sold and delivered to the defendants. The defendants admit the purchase of the goods, the delivery and the agreed price to be as claimed by the plaintiff, but set up two separate defenses. The first is that the plaintiff is a foreign corporation doing business in this state without authority. The second defense is that the said purchase price had not become due at the time the action was brought on February 27, 1915. There was sufficient evidence to justify the court in finding that the first defense was not established, but the claim that the action was prematurely brought seems to be sustained by the record.

The defendants insist that the terms of the sale permitted payment to be deferred until the 30th of March, 1915, although the sale was made in the preceding November and the goods delivered then. On the trial one of the defendants testified that he told the salesman that

he wanted the goods delivered in March, and was told by the latter that the goods would be delivered then. The goods were, however, delivered in November, shortly after said interview. The defendants subsequently received two bills from the plaintiff, dated, respectively, November 7 and November 11, 1914. They correctly stated the quantity and price of the goods delivered, and also had written on them, under the words "Terms," the following: "10% 30 days March 1." The only testimony as to the meaning of such writing was given by one of the defendants, who stated that the said terms meant due 30th March. There was some attempt on the part of the plaintiff to suggest that the words and figures referred to were written after the bills had been prepared; but neither the bills themselves nor anything that developed on the trial uphold such a theory. The salesman taking the order, when called by the plaintiff, denied that he told the defendants that he would make the dating 30 days 1st March; but his denial becomes unimportant in view of the statement of terms on said bills. From the foregoing it must be held that the claim of the plaintiff did not mature until March 30, 1915, and that there was no cause of action on February 27, 1915, when this action was begun.

Judgment reversed, with $30 costs to the appellant, and the complaint dismissed, with costs. All concur.